UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR LECLAIR BALLESTER,<br><br>                                Petitioner,<br><br>v.<br><br>MAUREEN FRANCIS HALLAHAN,<br>et al.,<br><br>                                Respondents. | Case No.: 25cv568-LL-MSB<br><br>**ORDER DISMISSING PETITION** |

      On March 10, 2025, Petitioner Eleanor LeClair Ballester, proceeding pro se, filed a document styled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("Petition"). ECF No. 1. Petitioner claims that the bench warrant "under which she is pursued is constitutionally and lawfully void" and seeks an order "quashing" the warrant and declaring "the warrant and court actions for case SCD302834 and CD302834 against Petitioner null and void." *Id.* at 2, 4.

      The Court notes that this Petition is similar to a petition filed by Ms. Ballester in *Ballester v. Martinez, et al.*, which the Court dismissed pursuant to *Younger* abstension and lack of exhaustion. Order Granting Respondents' Motion to Dismiss, *Ballester v. Martinez, et al.*, Case No. 24cv1738-LL-JLB (S.D. Cal. April 28, 2025). Both petitions seek relief

1

from criminal case number SCD302834 in the Superior Court of California, County of San Diego. *See id.* at 2–3; ECF No. 1 at 4.

Upon examining a petition for habeas corpus, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. This rule may apply to any habeas corpus petition. Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

The Court has examined the instant Petition and finds it should abstain from interceding in Petitioner's ongoing state trial proceedings. Under what is referred to as *Younger* abstention, a federal court is generally precluded from interceding in ongoing state criminal proceedings, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971). In the Ninth Circuit, abstention is appropriate when "(1) there is an ongoing state judicial proceeding, (2) those proceedings implicate important state interests, (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges," and (4) "the requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (internal quotation marks and citations omitted). "[S]o long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

The Court finds that *Younger* abstention is appropriate here. First, there is an ongoing state criminal case against Petitioner. According to the San Diego County Sheriff's Office website, since the Petition was filed, Petitioner was sentenced and has an upcoming court date of May 8, 2025.[1] *Sheriff's Who is in Jail*, San Diego County Sheriff's Office,

---

[1] The Court takes judicial notice of this public record available on a government inmate locator website. *See United States v. Basher*, 629 F.3d 1161, 1165 n.2. (9th Cir. 2011);

https://apps.sdsheriff.net/wij/wij.aspx (enter "Ballester" as last name and "Eleanor" as first name) (last visited May 2, 2025). State proceedings are considered ongoing for purposes of *Younger* abstention until state appellate remedies have been exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975).

Second, there is an important state interest in prosecuting criminal offenses free from federal interference. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").

Third, Petitioner has adequate opportunity in the state proceedings to raise constitutional challenges. Petitioner may appeal a final judgment of conviction. Cal. Penal Code § 1237.

Fourth, Petitioner's requested relief seeks to enjoin the ongoing state proceedings. Petitioner seeks court actions in the state criminal case to be declared "null and void," which if granted, would enjoin her current sentence.

The Court finds Petitioner has not shown that any extraordinary circumstances exist to warrant exception to *Younger* abstention. Petitioner makes only factually unsupported allegations of constitutional violations, such as contending that there was "no valid jurisdiction, valid venue, crime of common law, true bill of particulars, lawful complaint or determination of probable cause before the warrant was [issued]." ECF No. 1 at 3 (alteration in original). Petitioner fails to demonstrate that her warrant, criminal charges, or conviction were the result of bad faith or harassment. Therefore, the Court finds that *Younger* abstention applies.

Additionally, the Court finds Petitioner has failed to exhaust state remedies, which is an alternate reason for dismissal of her Petition. *See Murphy v. Wilson*, 409 F.2d 840,

---

*Turner v. Cnty. of San Diego*, No. 320cv00163JAHAHG, 2020 WL 905633, at *1 n.1 (S.D. Cal. Feb. 25, 2020).

841 (9th Cir. 1969) ("[Petitioner] will not have exhausted his available state remedies until the state appeal proceedings have been completed and a final state judgment has been entered."). "When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Leave to amend is generally granted "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). The Court finds any amendment here would be futile because the Petition cannot proceed due to *Younger* abstention and unexhausted claims. The Court thus denies leave to amend.

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a)."). A certificate of appealability will issue "only if" the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds issuing a certificate of appealability is not appropriate because reasonable jurists would not find debatable or incorrect the Court's conclusion that this Petition cannot proceed due to *Younger* abstention and lack of exhaustion. Accordingly, the Court **DENIES** a certificate of appealability.

---
---

For the reasons stated above, the Court **DISMISSES with prejudice** Petitioner's Petition and **DENIES** a certificate of appealability. The Court further **DENIES AS MOOT** any other pending requests filed by Petitioner and directs the Clerk of Court to close this action.

**IT IS SO ORDERED.**

Dated: May 5, 2025

Honorable Linda Lopez
United States District Judge